364 A.2d 263
**In re ADOPTION of Lenard Dale CROISSETTE and Douglas Wayne Croissette, minors.**
**Appeal of Brian L. LAWRENCE and Janet Faye Lawrence, his wife.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1976.

Decided Oct. 8, 1976.

---

418

Victor S. Jaczun, Perkasie, for appellant.

Lenard Croissette, in pro. per.

No appearance for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On June 26, 1975, the Orphans' Court Division of the Court of Common Pleas, Bucks County, entered a final decree denying appellants' petition for the termination of

Lenard W. Croissette's parental rights to his two children, Lenard Dale and Douglas, and denying a related petition for their adoption. On this appeal, appellants contend that the orphans' court erred in denying their petitions because it applied an incorrect standard of abandonment.* We agree, vacate the decree and remand for further proceedings.

Lenard Dale and Douglas Croissette, sixteen and eleven years of age respectively, were born of the marriage between Janet Faye Lawrence (appellant) and Lenard W. Croissette (appellee). In 1966, the parents separated. Appellant retained custody of the two boys and appellee agreed to provide thirty-two dollars per week support and was granted reasonable visitation rights. On February 25, 1969, the parties obtained a divorce, but their respective rights with regard to the children were not altered.

Appellant interrupted and finally terminated appellee's biweekly visits during the summer and fall of 1970. Appellee sought legal advice, and the visitation rights were reinstituted by agreement before the end of that year. However, appellee's visits became less frequent during 1971, until they ceased completely in the late summer, after appellant married Brian Lawrence, also an appellant. It is undisputed that appellee, although living in the same vicinity as his children, has not been in their company since August or September of 1971. His sole contacts for thirty-three months were his regular biweekly support checks of sixty-four dollars each and Christmas and birthday rememberances.

Appellants petitioned for termination of appellee's parental rights pursuant to section 311(1) of the Adoption Act, which provides:

"The rights of a parent in regard to a child may be terminated after a petition filed pursuant to section

* We hear this direct appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1976).

312, and a hearing held pursuant to section 313, on the ground that:

(1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child, or has refused or failed to perform parental duties . . . ."

Adoption Act, Act of July 24, 1970, P.L. 620, art. III, § 311(1), 1 P.S. § 311(1) (Supp.1976).

The orphans' court denied the petition because there was no evidence that appellee had a settled intent to abandon his children.

It stated in its opinion:

"[I]t is now firmly established that mere neglect does not necessarily constitute abandonment under the former adoption statute, and that ordinarily, to have that effect, it must be coupled with affirmative acts or declarations indicating a positive intention to abandon . . . The same criteria are applicable in a proceeding for involuntary termination under § 311(1) of the Adoption Act of 1970." (Citations omitted.)

 Contrary to the court's opinion, the Adoption Act of 1970 no longer requires an affirmative showing of an intent to abandon. Rather, as the statute expressly provides, parental rights may be terminated if a parent has "refused or failed to perform parental duties" for a period of six months without regard to the parent's desire or intent to abandon his child. As this Court stated *In re: Adoption of McCray*, 460 Pa. 210, 215, n. 6, 331 A.2d 652, 654–55 n. 6 (1975):

"[T]he Adoption Act of 1970 has broadened the grounds for abandonment that existed under prior law. Under the Act of April 4, 1925, P.L. 127, § 1, as amended, it was necessary to show *both* a settled purpose to relinquish parental claims *and* a refusal or failure to perform parental duties for a period continuing

six months and hence abandonment was construed to be 'largely a matter of intent.' See, e. g., *Harvey Adoption Case,* 375 Pa. 1, 99 A.2d 276 (1953). Under the present law, abandonment is established if *either* of the aforesaid grounds are proven and, thus, there will be cases where a parent will forfeit his rights despite a *desire* to remain the parent or where there is no settled purpose to relinquish parental claims." (Emphasis in original.)

Accord *Re: Adoption of M. T. T.,* 46 Pa. 88, 354 A.2d 564 (1976) ; *Adoption of Orwick,* 464 Pa. 549, 347 A.2d 677 (1975) ; *Chester County Children's Services Appeal,* 457 Pa. 525, 326 A.2d 377 (1974) ; *Appeal of Diane B.,* 456 Pa. 429, 321 A.2d 618 (1974).

■ Because the court erroneously believed that a showing of a positive intent to abandon is necessary under section 311(1), it never determined the central issue of this case—whether appellee refused or failed to perform his parental duties. In reaching this determination, the court must examine appellee's actions during the period of alleged abandonment to determine whether the parent "fail[ed] to use all available resources to preserve his parental relationship." *Re: Adoption of M. T. T.,* 467 Pa. at 97, 354 A.2d at 568; see *In re: Adoption of McCray,* supra.

■ Here, the orphans' court, in its opinion, made contradictory findings. It stated that appellee was "effectively denied any opportunity" to improve the parent-child relationship. Under the test stated in *M. T. T.* this statement would indicate that appellee did not fail to perform parental duties. However, the court also stated that appellee took "no action whatever toward preserving or enforcing his status as father" for a period exceeding six months. This finding would support a decree terminating appellee's parental rights. The court

did not resolve this conflict because it denied appellants' petitions on alternative grounds.

We therefore vacate the orphans' court decree and remand for a determination whether appellee failed or refused to perform parental duties as provided by section 311(1) of the Adoption Act and by *Re: Adoption of M. T. T.*, supra, and, if so, whether appellee's parental rights should be terminated. This was the procedure this Court followed when confronted with an identical problem in *Chester County Children's Services Appeal*, supra. See also *Sheaffer Appeal*, 452 Pa. 165, 305 A.2d 36 (1973).

Decree vacated and case remanded. Each party to pay own costs.

MANDERINO, J., filed a dissenting opinion in which NIX, J., joins.

MANDERINO, Justice (dissenting).

I dissent. I agree with the majority that the Orphans' Court misinterpreted abandonment as defined by Section 311(1) of the Adoption Act. However, the evidence is insufficient to hold that appellee refused or failed to perform his parental duties, and, therefore, I would affirm the decision of the Orphans' Court.

NIX, J., joins in this dissenting opinion.