492 Pa. 7 (1980)
421 A.2d 1064
In re J.L.Z., a minor.
Appeal of D.Z.
Supreme Court of Pennsylvania.
Argued September 29, 1980.
Decided October 31, 1980.
*8 Louis Pomerico, New Castle, for appellant.
Richard J. Audino, Rea & Audino, John Hodge, New Castle, for J.L.Z.
Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT
FLAHERTY, Justice.
This is an appeal from a decree of the Orphans' Court Division of the Court of Common Pleas of Lawrence County which granted the appellee mother's petition to involuntarily terminate the parental rights of the appellant father with respect to their daughter, J.L.Z. The court below held that appellant had, for a period of at least six months, failed to perform parental duties under Section 311(1) of the Adoption Act.[1]
The standard of review in cases where parental rights have been terminated is limited to a determination of *9 whether the decree was supported by competent evidence. In re Adoption of Baby Boy P., 479 Pa. 138, 387 A.2d 873 (1978). With regard to the parental duties required under Section 311(1), this Court stated in In re Adoption of F.D. S., 490 Pa. 43, 46, 415 A.2d 23, 25 (1980):
[W]e have repeatedly held that, for the purposes of this section, "the parental obligation is a positive duty which requires affirmative performance. . . . [citations omitted]. . . . This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child . . . . [citations omitted] . . . . Because a child needs more than a benefactor, parental duty requires that a parent exert himself to take and maintain a place of importance in the child's life." In re Involuntary Termination of Parental Rights of S.C.B. and K.T., 474 Pa. 615, 624, 379 A.2d 535, 540 (1977).
In view of the standard of review, and the affirmative duties imposed upon a parent, we cannot say that the decree of the Orphans' Court Division is not supported by competent evidence. J.L.Z. was born in 1973 and in 1975 her parents were divorced, following which J.L.Z. resided with her mother. Under the terms of a custody agreement entered pursuant the divorce, J.L.Z.'s mother retained custody, subject to visitation rights of the father. The father, who lived approximately twenty miles from J.L.Z., failed to visit or provide support for the child from January, 1976 until the instant termination proceeding commenced in November, 1978. The father testified that the mother's actions prevented or discouraged contact with the child, but the court below described this testimony as "not at all convincing." According to the father, his admitted lack of contact with J.L.Z. after January, 1976, and his decision not to institute an action to enforce visitation rights against the *10 allegedly uncooperative mother, were due to his belief that, in view of J.L.Z.'s young age, it was in the child's best interest not to be exposed to the animosity and conflict between himself and the child's mother. Certainly, situations may arise where circumstances would temporarily justify a parent in absenting himself from association with his child, for the child's benefit, to avoid the emotional stress inflicted upon a child when visitation necessitates a hostile confrontation in the child's presence. At most, however, the present record indicates that the father encountered moderate frustration in maintaining contact with J.L.Z., due to difficulties in ascertaining the mother's address and phone number and in agreeing on suitable days for visitation. A parent has a duty to exercise persistence in attempting to overcome obstacles placed in the path of the parent-child relationship. In re D.J.Y., 487 Pa. 125, 408 A.2d 1387 (1979). The difficulties encountered by the appellant father were not of such a magnitude as could conceivably justify, however, the virtually complete lack of communication and association with the child during the nearly three year period in question. The record is devoid of evidence of such an unavoidable and intense confrontation as might warrant, even temporarily, a parent in abstaining from performance of parental duties.
Decree affirmed; Each party to bear own costs.
NOTES
[1] Section 311 of the Adoption Act provides:

§ 311. Grounds for involuntary termination
The rights of a parent in regard to a child may be terminated . . . on the ground that:
(1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child, or has refused or failed to perform parental duties; or . . .
Act of July 24, 1970, P.L. 620, No. 208, art. III, Sec. 311, 1 P.S. § 311 (Supp. 1980).
Parental rights may be terminated upon proof of a six month failure to perform parental duties, without need to show a settled purpose of relinquishing parental claim to a child. Matter of Adoption of David C., 479 Pa. 1, 387 A.2d 804 (1978).