## Chiavazza v. City of Sharon

*Robert J. Tesone,* for plaintiff.
*William J. Madden,* for defendants.

STRANAHAN, *P.J.,* October 24, 1983—This matter is before the court upon plaintiff's motion for peremptory judgment pursuant to Pa.R.C.P. 1098. Plaintiff's complaint seeks mandamus to require the City of Sharon to make payment under Article XIII of the contract between the City of Sharon and the Fraternal Order of Police.

Plaintiff police officer, Dennis Chiavazza, was temporarily disabled when he injured his knee on November 5, 1975 while in the course of his employment with the City of Sharon. After a period of medical treatment and surgery to the knee, during which he received worker's compensation and other statutory benefits, plaintiff returned to work with the Sharon police force on March 2, 1976. On April 29, 1976, plaintiff executed a final receipt concern-

ing the benefits received under the Pennsylvania Workmen's Compensation Act.

Plaintiff continued to experience pain and discomfort during the next few years, which culminated in surgery on December 4, 1981. The condition was diagnosed as a medial meniscus tear which the surgeon determined, with reasonable medical certainty, to be a remnant of the prior injury plaintiff sustained during the course of his employment.

The second surgery resulted in plaintiff once again being temporarily disabled. Plaintiff then filed a petition to set aside the final receipt of workers' compensation benefits executed earlier. The City's workers' compensation insurance carrier opposed plaintiff's petition as being time barred by section 434 of the Pennsylvania Workmen's Compensation Act. The referee in the matters granted the carrier's motion to dismiss on this basis.

Defendants, during the second period of plaintiff's incapacity, required plaintiff to use his accrued sick leave and other contractual benefits rather than paying plaintiff his full rate of salary, as provided under 53 Pa. C.S.A. §637 and also in Article XIII of the agreement between the City of Sharon and the Fraternal Order of Police. The agreement between the City and the police also makes provisions for arbitrating all grievances arising from the provisions of the agreement. Instead of filing a grievance, plaintiff instituted this action in mandamus.

Mandamus is an extraordinary writ which is discretionary with the court and will compel the performance of a mandatory duty or ministerial act only where there is a clear legal right established in plaintiff, a clear positive duty to be performed by defendant, and a want of any other appropriate or adequate remedy. United States Steel Corp. v. Papadakas, 63 Pa. Commw. 213, 437 A.2d 1044

(1981); Ekerly v. Bd. of School Dir. of Neshaminy Dist., 43 D.&C. 2d 233 (1967).

It is within the trial court's discretion whether mandamus is appropriate in any particular case and this discretion will be overturned only where it constitues an abuse of discretion. School Dist. of Pittsburgh v. Gooley, 4 Pa. Commw. 311, 399 A.2d 148 (1979).

Plaintiff maintains that mandamus is a proper remedy in this case because the issue involved concerns statutory rights and therefore cannot be the subject of a collective bargaining agreement. Plaintiff concludes that since the salary dispute in this case cannot be within the scope of the collective bargaining agreement, mandamus is the only available remedy.

For reasons discussed below, we disagree with plaintiff's conclusion and therefore dismiss plaintiff's motion for peremptory judgment and order that plaintiff's cause of action in mandamus be dismissed as being inappropriate.

It is clear from the terms of the collective bargaining agreement between the city and the police, that the parties intended not to supercede or contravene the provisions of 53 Pa. C.S.A. §637, but to incorporate them into the agreement. It is equally clear that the parties intended all disputes arising from the provisions of the agreement to be handled through the grievance arbitration procedure outlined therein.

Whether or not a matter is properly within the scope of the grievance arbitration procedure depends upon the intention of the parties as expressed in the terms of the agreement. Neshaminy Federation of Teachers v. Neshaminy School Dist., 501 Pa. 534, 462 A.2d 629 (1983); Leachburg Area

School Dist. v. Dale, 492 Pa. 315, 424 A.2d 1309 (1981).

If it was the intention of the parties that a particular issue was to come within the scope of the grievance arbitration procedure, the Commonwealth's policy mandates that the matter be submitted to arbitration. Neshaminy Federation of Teachers v. Neshaminy School Dist., supra.; Allegheny City v. Allegheny City Prison Employees Independant Union, 476 Pa. 27, 381 A.2d 849 (1977); Board of Ed. of the School Dist. of Philadelphia v. Philadelphia Federation of Teachers Local No. 3, 464 Pa. 92, 346 A.2d 35 (1975).

Since it is clear that the parties intended the provisions concerning full payment of salary during work related disabilities to be within the scope of the grievance arbitration procedure, the policy of the Commonwealth mandates that the matter be submitted to arbitration. Plaintiff failed to submit this matter to the grievance arbitration procedure and chose instead to bring this action in mandamus. As a result, plaintiff is barred from bringing this action because there existed another adequate remedy.

Plaintiff argues that because the issue involves statutory rights, it cannot be the subject of collective bargaining. Plaintiff cites as support for his argument cases that hold that employers and employees may not enter into labor agreements which contain provisions expressly prohibited by law. Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969); Cheltenham v. Cheltenham Police, 11 Pa. Commw. 348, 312 A.2d 835 (1973).

This is not, however, a situation where the employees have bargained away their statutory rights. The City of Sharon and the Fraternal Order of Police have merely agreed to submit disputes concern-

ing this statutory right to the grievance arbitration procedure.

## ORDER

And now, October 24, 1983, it is hereby ordered that plaintiff's motion for peremptory judgment and cause of action in mandamus are dismissed.