United States Steel Corporation, a corporation, Petitioner *v.* The Honorable Nicholas P. Papadakos, Judge of The Court of Common Pleas of Allegheny County, Respondent.

Heard October 27, 1981, before Judge WILLIAMS, JR.

*Richard T. Wentley*, with him *E. W. Seifert* and *Anthony J. Basinski*, *Reed, Smith, Shaw & McClay*, for petitioner.

*Charles W. Johns*, with him *Howland W. Abramson*, for respondent.

MEMORANDUM OPINION BY JUDGE WILLIAMS, JR., December 11, 1981:

In accordance with Pa. R.A.P. 1925(a), this memorandum opinion was written to support the Order of this Court dated October 27, 1981, which granted a Motion for Judgment on the Pleadings filed by the Honorable NICHOLAS P. PAPADAKOS.

In the recent past, Judge PAPADAKOS has made public statements which have been interpreted by some, including the United States Steel Corporation (U.S. Steel), as indicating his desire to see assessments raised on certain properties owned by U.S. Steel. When those values were increased, in the course of an area-wide reassessment, U.S. Steel appealed that determination to the Board of Property Assessment, Appeals and Review of Allegheny County (Board), and ultimately to the Common Pleas Court. Judge

PAPADAKOS, who functioned in that tribunal as the assignment judge, directed the case to his own list.[1]

When Judge PAPADAKOS denied U.S. Steel's request that he recuse himself, the corporation filed a Petition for Review in the Nature of a Writ of Mandamus or Alternatively a Writ of Prohibition in this Court, praying that we either order the judge to step aside, or that we prohibit him from presiding over the assessment appeal. The corporation subsequently filed a petition before the Pennsylvania Supreme Court, requesting that that body take extraordinary jurisdiction of the case. By Order of September 11, 1981, the Supreme Court denied the petition, and directed this Court to decide the matter expeditiously. Judge PAPADAKOS then filed a Motion for Judgment on the Pleadings in this Court, asserting that neither a writ of mandamus nor a writ of prohibition constitutes a viable legal method to obtain a recusal.

I.

It is axiomatic that mandamus

is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate or adequate remedy.

Valley Forge Racing Association, Inc. v. State Horse Racing Commission, 449 Pa. 292, 295, 297 A.2d 823, 824-25 (1972). Furthermore, in the context of a discretionary act, a court can issue such a writ to mandate the exercise of that discretion in some fashion, but not to require that it be exercised in a particular

---

[1] Judge PAPADAKOS asserted before this Court that he has assigned all corporate appeals from the 1980 reassessment to himself. in an attempt to establish their uniformity and essential fairness.

manner. *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978). Unwillingness to recuse oneself is a discretionary decision, and neither it, nor its converse, can be specifically ordered by a writ of mandamus in this context.

In examining the requirements for the issuance of the writ, this Court also notes that it will not lie where there is any other appropriate and adequate remedy. Although petitioners hold a contrary view, it is our opinion that the remedies available through an appeal on the merits coupled with an allegation of an abuse of discretion, or an attempted certification as involving a controlling question of law under Pa. R.A.P. 1311[2] and 42 Pa. C. S. 702(b)[3] of the refusal to step aside, are adequate and appropriate.

The cases cited by the petitioners in support of their contention that mandamus is a proper avenue of redress are distinguishable from that *sub judice,* in that they involve statutory standards for recusal, either in state or federal fora. There is no such statu-

_____

[2] Pa. R.A.P. 1311 Interlocutory Appeals by Permisssion

   (a) General Rule. An appeal may be taken by permission under 42 Pa. C. S. §702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other government unit. See Rule 312 (interlocutory appeals by permission).

[3] 42 Pa. C. S. 702 Interlocutory Orders

   (b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

tory mandate in Pennsylvania, and we opine that it is not within the authority of this Court to enforce the Code of Judicial Conduct.

## II.

A Writ of Prohibition
is not a proceeding between private litigants, but rather, it is a vehicle by which a superior tribunal may restrain an inferior tribunal, over which it has superintendance, from exceeding its desegregated (sic) jurisdiction. (Citations omitted).

*Petition of Dwyer,* 486 Pa. 585, 600, 406 A.2d 1355, 1363 (1979). If the inferior tribunal, here the Common Pleas Court of Allegheny County, has the jurisdiction to hear and decide the matter, then a writ of prohibition will not be granted for the correction of asserted error or abuse of discretion. *Interstate Commerce Commission v. New York New Haven and Hartford Railroad Company,* 287 U.S. 178 (1932). Jurisdiction vests not in the *person* of Judge PAPADAKOS in this case, but in his office. It is attributable to the Common Pleas Court as a legal entity, which obviously cannot function without the components thereof, *i.e.* the persons of the judges. The question of jurisdiction is resolved by examining the authority of the *tribunal,* not the individuals who compose it.

As noted in our discussion of the writ of mandamus, *supra,* a writ of prohibition, as with any extraordinary writ, will not issue when there is another adequate and alternative remedy, either on appeal of the final judgment, or by permissive interlocutory appeal through the appellate rules. In discussing the use of the great writs, the United States Supreme Court observed in *United States Alkali Export Association v. United States,* 325 U.S. 196, 203 (1945):

It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or the other extraordinary writs as a means of review. In such cases appellate courts are reluctant to interfere with the decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. . . . The writs may not be used as a substitute for the authorized appeal. . . . (Citations omitted.)

Having therefore determined that U.S. Steel cannot demonstrate entitlement to either a writ of mandamus or a writ of prohibition in this matter, and that the enforcement of the Code of Judicial Conduct is not within the purview of the Commonwealth Court, we granted Judge PAPADAKOS' Motion for Judgment on the Pleadings.