# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Manning Stodghill, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1 M.D. 2014 |
| | : | SUBMITTED:  June 19, 2015 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                 **HONORABLE RENÉE COHN JUBELIRER,** Judge
                 **HONORABLE PATRICIA A. McCULLOUGH,** Judge

**OPINION BY**
**JUDGE LEADBETTER**                                      **FILED:  August 27, 2015**


Before the court is a motion of Petitioner, David Stodghill, seeking judgment on the pleadings.  In his *pro se* petition for review, and in this motion, Stodghill asks us to order the Pennsylvania Board of Probation and Parole (Board) to consider him for parole or, otherwise, to order his release.[1] Although not so characterized by Stodghill, his claim that the Board has a statutory duty to consider him for parole is in the nature of a petition for writ of mandamus. For the reasons stated below, we deny the motion.

Stodghill is serving a sentence of four to eight years for, inter alia, aggravated indecent assault of a twelve-year old girl.  He avers, and it is undisputed, that his minimum sentence expired in February of 2014. Nonetheless, the Board has advised him that he is ineligible for parole review because he has not participated in the mandatory sex offender treatment required by 42 Pa. C.S. § 9718.1, which provides, in pertinent part:

---
[1] Stodghill has captioned his motion a "Motion for Disposition."

**(a) General rule.**–A person, including an offender designated as a "sexually violent predator" as defined in section 9799.12 (relating to definitions), shall attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution for any of the following provisions under 18 Pa.C.S. (relating to crimes and offenses):

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses) if the offense involved a minor under 18 years of age.[2]

. . . .

**(b) Eligibility for parole.**—For an offender required to participate in the program under subsection (a), all of the following apply:

(1) The offender shall not be eligible for parole unless the offender has:

(i) served the minimum term of imprisonment;

(ii) participated in the program under subsection (a) . . . . [Footnote added].

In his petition for review, Stodghill admits that the above-quoted provision applies to him. He asserts, however, that he did attend and participate in such a program and that the Board cannot refuse to consider him for parole on the ground that he did not complete the program. He argues that the statute requires only participation, not completion. The Board counters that Stodghill's level of participation did not satisfy the statutory standard.[3]

---

[2] Aggravated indecent assault is one of the offenses enumerated in Chapter 31 of Title 18.

[3] Although the Board does not assert that full completion is always necessary, we note that in other contexts this court has repeatedly validated the denial of parole for failure to *complete*
**(Footnote continued on next page…)**

When ruling on a motion for judgment on the pleadings in our original jurisdiction, we may consider only the pleadings themselves and any documents properly attached thereto. *Dep't of Pub. Welfare v. Joyce*, 571 A.2d 536 (Pa. Cmwlth. 1990). We may grant a motion for judgment on the pleadings only where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Casner v. Am. Fed. of State, County & Mun. Employees*, 658 A.2d 865, 869 (Pa. Cmwlth. 1995). Further, a proceeding in mandamus is an extraordinary remedy, designed to compel the performance of a ministerial act or mandatory duty. *Kelly v. Pa. Bd. of Prob. & Parole,* 686 A.2d 883, 884 (Pa. Cmwlth. 1996). Mandamus relief is available only where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. *Id*.

The salient facts are largely undisputed here. Stodghill attended some sessions of the mandatory program, but did not complete it. Attached to his petition for review is a document titled "Pennsylvania Department of Corrections Correctional Plan—Evaluation." That document states that Stodghill attended 15 out of 120 sessions of the Sex Offender Program, that his participation was unsatisfactory, that he failed to complete required assignments, and that he was often disruptive or slept in group sessions.[4] In response to Stodghill's claim that

---

(continued…)

rehabilitative programs. *See, e.g.*, *Wilson v. Pa. Bd. of Prob.& Parole*, 942 A.2d 270, 273-74 (Pa. Cmwlth. 2008) (observing that, "requiring an inmate to complete institutional programming that requires the inmate to admit guilt is not conscience shocking …."); *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 779 (Pa. Cmwlth. 1997) (stating that, "failure to successfully complete [a treatment] program is a valid reason for denying parole ....").

[4] While Stodghill disputes some of the facts in the report, it demonstrates beyond question that the pleadings do not establish a clear right to relief.

3

the plain language of the statute requires only some participation, the Board argues that "participation" of the sort reflected in the evaluation report does not satisfy the mandatory condition for parole eligibility. We agree with the Board. As we noted in *Evans v. Pennsylvania Board of Probation & Parole,* 820 A.2d 904 (Pa. Cmwlth. 2003):

> [T]he stated, actual purpose of [Section 9718.1] is the protection of the public. As set forth in the Act, the General Assembly declared:
>
> > It is the intent of the General Assembly to protect our most vulnerable and precious citizens, the Commonwealth's children, from the ravages of sexual abuse. Because sexual crimes committed against children are among the most heinous imaginable, the General Assembly declares it to be in the public interest to enact this act.
>
> H.B. 47, 184th Gen. Assem., 1999 Reg. Sess. (Pa. 2000).

*Id*. at 912. Allowing any level of attendance, however minimal or unsatisfactory, to meet the requirements of Section 9718.1 would entirely frustrate this announced legislative purpose. Only where the rehabilitative goal of the program has been achieved can there be any hope of preventing future abuse of children, and absent successful participation in the plan of therapy, there can be little prospect of rehabilitation.

Accordingly, because he has failed to show a clear right to relief as a matter of law, Stodghill's motion for judgment on the pleadings is denied.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

David Manning Stodghill, : 
                Petitioner : 
                 : 
           v. :   No. 1 M.D. 2014 
                 : 
Pennsylvania Board of Probation : 
and Parole, : 
                Respondent : 

# **O R D E R**

AND NOW, this 27th day of August, 2015, Petitioner's Motion for Disposition is DENIED.

Further, Petitioner's Petition for Accelerated Disposition is DENIED as moot.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge