David Manning Stodghill,      :
         Petitioner      :
            :
       v.           :
            :
Pennsylvania Department      :
of Corrections,          :    No. 363 M.D. 2015
         Respondent    :    Submitted: January 22, 2016

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
JUDGE COVEY[1]                      FILED: November 23, 2016

David Manning Stodghill (Stodghill), pro se, filed a petition for writ of mandamus (Petition), wherein he asks this Court to order the Pennsylvania Department of Corrections (Department) to interpret Section 9718.1(b) of the Sentencing Code, 42 Pa.C.S. § 9718.1(b), to require *participation in*, rather than *completion of*, the Department's sex offender treatment program to render an inmate eligible for parole consideration. In response, the Department filed preliminary objections to Stodghill's Petition seeking to dismiss the Petition under Pennsylvania Rule of Civil Procedure No. 1028(a)(4) for failure to state a cause of action upon which relief may be granted. The Department's preliminary objections are currently before the Court.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

---

[1] This case was reassigned to the authoring judge on October 19, 2016.

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

According to the Petition, Stodghill is currently incarcerated in the State Correctional Institution at Somerset (SCI-Somerset), Pennsylvania. Stodghill averred that the Department is intentionally "misrepresenting" the wording of Section 9718.1 of the Sentencing Code, Petition at ¶ 2, which states in pertinent part:

> **(a) General rule.--**A person . . . **shall attend and participate in a [Department] program of counseling or therapy designed for incarcerated sex offenders** [**(sex offender treatment program**)] if the person is incarcerated in a [s]tate institution for any of the following provisions under [the Crimes Code] (relating to crimes and offenses):
>
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses) if the offense involved a minor under 18 years of age.[2]
>
> . . . .

---

[2] Although not specifically referenced in the Petition, we can reasonably infer from Stodghill's claims that the offense for which he is incarcerated is one of the enumerated offenses. In his brief, Stodghill confirmed that he is serving a 4 to 8-year sentence for aggravated indecent assault under Section 3125(a)(7) of the Crimes Code, 18 Pa.C.S. § 3125(a)(7), with a February 1, 2014 minimum sentence release date and a February 1, 2018 maximum sentence release date. *See* Stodghill Br. at 4. *See also Stodghill v. Pa. Bd. of Prob. & Parole,* 123 A.3d 798 (Pa. Cmwlth. 2015) (wherein this Court recited that Stodghill is serving a 4 to 8-year sentence for the aggravated indecent assault of a 12-year-old girl. "Aggravated indecent assault is one of the offenses enumerated in Chapter 31 of Title 18." *Id.* at 799 n.2). Stodghill also admitted in his brief that he was required to undergo sex offender treatment, and that he participated in 15 sessions (38 hours). *See* Stodghill Br. at 4.

2

**(b) Eligibility for parole.--**For an offender required to participate in the program under subsection (a), all of the following apply:

(1) **The offender shall not be eligible for parole unless the offender has**:

(i) served the minimum term of imprisonment;

(ii) **participated in the program under subsection (a)**; and

(iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators.

42 Pa.C.S. § 9718.1 (text emphasis added). Stodghill contends in the Petition that since Section 9718.1(b)(1)(ii) of the Sentencing Code does not require *completion of*, but rather *participation in* the Department's sex offender treatment program, an inmate's attendance at *some* sessions is sufficient to meet the parole eligibility requirement.

The Department objects to Stodghill's standing to bring this action. *See* Preliminary Objections ¶ 15. Specifically, the Department argues that, since the allegations in the Petition are general to "offenders who have participated in but not completed the programs [and who] are deemed ineligible for parole consideration and removed from the parole eligibility docket," it is not clear that Stodghill's parole eligibility has been affected. Petition at ¶ 5; *see also* Petition at ¶¶ 2, 10, 12, 16 and the relief clause. We disagree.

> One seeking judicial resolution of a dispute must satisfy a threshold requirement of standing to bring the action by demonstrating a substantial, direct and immediate interest in the outcome of the litigation. *Pittsburgh Palisades Park, LLC v. Commonwealth, . . .* 888 A.2d 655 ([Pa.] 2005). A substantial interest is an interest exceeding the interest of all citizens in procuring obedience to the law; an interest is direct if there is a causal connection between the asserted violation and the harm complained of; an interest is

immediate if the causal connection is neither remote nor speculative. *City of Phila*[.] *v. Commonwealth, . . .* 838 A.2d 566 ([Pa.] 2003).

*Finn v. Rendell*, 990 A.2d 100, 103 (Pa. Cmwlth. 2010). Further,

[m]andamus is an extraordinary writ designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. Mandamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established.

*Wilson v. Pa. Bd. of Prob. & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008) (citations omitted). "Where the party acquires an interest special to himself as distinguished from that of the general public, he is able to bring mandamus proceedings in his own name." *Douros v. Newtown Twp.*, 530 A.2d 1002, 1003 (Pa. Cmwlth. 1987).

Although the majority of the allegations in the Petition refer generally to ineligible offenders, Stodghill specifically pled in the Petition:

1. [Stodghill] is an inmate under the care[,] custody and control of the [Department,] housed at SCI-Somerset.

2. [The Department] is intentionally misrepresenting the wording of [Section] 9718.1(b)(1)(ii) [of the Sentencing Code] **to the damage of** [**Stodghill**] and other offenders housed by [the Department].

Petition at 1 (emphasis added). Moreover, this Court has held that "[t]he allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys. **If a fair reading of the complaint shows that the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled**." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd,* 881 A.2d 1263 (Pa. 2005) (citation omitted; emphasis added).

Because our fair reading of the Petition reflects that Stodghill is an inmate who may be aggrieved (i.e., denied parole consideration) by the Department's interpretation of Section 9718.1(b)(1)(ii) of the Sentencing Code, we hold that the Petition demonstrates that he has a "substantial, direct and immediate interest in the outcome of the litigation," and thus has standing.[3]  *Finn*, 990 A.2d at 103. Accordingly, the Department's objection to Stodghill's standing is overruled.

The Department also objects to the Petition on grounds that Stodghill fails in the Petition "to state a claim relative to his allegations that the Department has intentionally misrepresented and misapplied [Section 9718.1(b)(1)(ii) of the Sentencing Code], and thus inappropriately caused [Stodghill] to be disqualified for parole eligibility."  Department Br. at 3, 6; *see also* Preliminary Objections ¶¶ 16-22. The Department specifically contends that inmates do not have the right to parole, and it is the Pennsylvania Board of Probation and Parole (Board), rather than the Department, that makes parole eligibility and rehabilitative programming determinations.  We agree.

Section 6132(a)(1)(i) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6132(a)(1)(i), gives the Board the exclusive power to parole inmates. Pursuant to Section 6137(a) of the Parole Code, 61 Pa.C.S. § 6137(a), the Board has the discretion to parole any inmate after the expiration of his minimum sentence release date.  Under Section 6137(g) of the Parole Code, 61 Pa.C.S. § 6137(g), the Department initiates the parole process by identifying parole-eligible inmates for the

---

[3] Our conclusion is further supported by Stodghill's admission to the Department's averment in the preliminary objections that "[i]n plain language, [Stodghill] seems to aver that **his** participation in required sex offender programming, rather than completion of such programming, should be enough to trigger **his** parole eligibility pursuant to [Section 9718.1(b)(1)(ii) of the Sentencing Code]."  Prelim. Obj. ¶ 7 (emphasis added); *see* Stodghill's Ans. to Prelim. Obj. ¶ 6.

Stodghill also stated in his brief that he was required to participate in the Department's sex offender treatment program, and that despite his participation in 15 sessions (38 hours), the Pennsylvania Board of Probation and Parole has never interviewed him to determine whether he is eligible for parole.  *See* Stodghill Br. at 4.

Board's consideration. However, the Department is constrained by Section 9718.1(b)(1)(ii) of the Sentencing Code from certifying as eligible, offenders who have not *attended and participated in* the Department's sex offender treatment program.

Stodghill's claim that the Department erred by interpreting Section 9718.1(b)(1)(ii) of the Sentencing Code to require *completion of* the Department's sex offender treatment program in order to be eligible for parole consideration by the Board is contrary to the law.

First, in Section 9718.1(c) of the Sentencing Code, the General Assembly mandated that "[t]he [D]epartment **shall develop and provide the** [**sex offender treatment program**]. The [D]epartment **shall have the** *sole discretion* **with respect to** counseling or therapy program **contents and administration, including** the scheduling of **an offender's attendance and participation**." 42 Pa.C.S. § 9718.1(c) (emphasis added). Thus, although the Board ultimately determines whether an inmate should be paroled, the Department establishes the contents of and is responsible for the inmate's attendance and participation in the program that renders the inmate parole eligible in the first instance.

Moreover,

> [t]he common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. P[a.] Dep[']t of Health, Office of Drug [&] Alcohol Programs,* 758 A.2d 268, 270 (Pa. Cmwlth. 2000). 'The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief.' *Werner v. Zazyczny,* . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires '[1] a clear legal right in the plaintiff, [2] a corresponding duty in the defendant, and [3] a lack of any other adequate and appropriate remedy at law.' *Crozer Chester Med[.] C[tr.] v. . . . Bureau of Workers' Comp[.], Health Care Serv[s.] Review Div[.],* . . . 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted).

6

> Mandamus is not available to establish legal rights but only to enforce rights that have been established.

*Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "**Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007) (emphasis added). Further, "[i]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of [its] discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Dep't of Envtl. Res.*, 514 A.2d 656, 660 (Pa. Cmwlth. 1986) (quoting *U.S. Steel Corp. v. Papadakos,* 437 A.2d 1044, 1046 (Pa. Cmwlth. 1981)). Under circumstances in which the Department has the sole discretion to determine what sex offender treatment program requirements Stodghill must satisfy, this Court cannot order the Department to place Stodghill on the parole eligibility list.

Second, Section 9718.1(d) of the Sentencing Code provides:

> **No right of action created.--**Notwithstanding any other provision of law to the contrary, **this section shall not be construed to confer any legal right upon any individual**, including an individual required to participate in the [D]epartment's programs of counseling or therapy for incarcerated offenders, seeking **to**:
>
> (1) participate and attend the [sex offender treatment program] at a time of the individual's own choosing;
>
> (2) **modify the contents of the** [**sex offender treatment program**];
>
> (3) **be paroled**; or
>
> (4) **file any other cause of action in any court** regarding the [sex offender treatment program].

42 Pa.C.S. § 9718.1(d) (text emphasis added). Because the General Assembly has expressly prohibited Stodghill from seeking to modify the Department's sex offender

7

treatment program or to require his parole under Section 9718.1 of the Sentencing Code, this Court lacks the authority to issue an order directing otherwise.

Third, in *Stodghill v. Pennsylvania Board of Probation and Parole*, 123 A.3d 798 (Pa. Cmwlth. 2015), Stodghill sought an order from this Court to compel the Board to consider him for parole because he had attended 15 of the 120 sex offender treatment program sessions and, thus, *participated in* the program, despite that his participation was deemed unsatisfactory, he failed to complete required assignments, and often slept or was disruptive during the sessions. This Court expressly held that Stodghill's mere *participation in* the Department's sex offender treatment program failed to satisfy Section 9718.1(b)(1)(ii) of the Sentencing Code. Accordingly, this Court denied Stodghill's motion for judgment on the pleadings because he "failed to show a clear right to relief as a matter of law."[4] *Id.* at 801.

The *Stodghill* Court explained:

> As we noted in *Evans v. Pennsylvania Board of Probation* [*and*] *Parole,* 820 A.2d 904 (Pa. Cmwlth. 2003):
>
> > **[T]he stated, actual purpose of** [**Section 9718.1**] [**of the Sentencing Code**] **is the protection of the public.** As set forth in the [Sentencing Code], the General Assembly declared:
> >
> > > **It is the intent of the General Assembly to protect our most vulnerable and precious citizens, the Commonwealth's children, from the ravages of sexual abuse.** Because sexual crimes committed against children are among the most heinous imaginable, the General Assembly declares it to be in the public interest to enact this act.
> >
> > H.B. 47, 184th Gen. Assem., 1999 Reg. Sess. (Pa. 2000).

---

[4] The fact that *Stodghill* involved a motion for judgment on the pleadings in an action against the Board, does not affect its precedential value in this case.

8

[*Evans*, 820 A.2d] at 912. **Allowing any level of attendance, however minimal or unsatisfactory, to meet the requirements of Section 9718.1 [of the Sentencing Code] would entirely frustrate this announced legislative purpose.** Only where the rehabilitative goal of the program has been achieved can there be any hope of preventing future abuse of children, and absent successful participation in the plan of therapy, there can be little prospect of rehabilitation.

*Stodghill*, 123 A.3d at 800-01 (emphasis added). This Court recognized in *Stodghill*:

[W]e note that in other contexts this [C]ourt has repeatedly validated the denial of parole for failure to *complete* rehabilitative programs. *See, e.g., Wilson v. Pa. Bd. of Prob. & Parole,* 942 A.2d 270, 273-74 (Pa. Cmwlth. 2008) (observing that, 'requiring an inmate to complete institutional programming that requires the inmate to admit guilt is not conscience shocking. . . .'); *Weaver v. Pa. Bd. of Prob. & Parole,* 688 A.2d 766, 779 (Pa. Cmwlth. 1997) (stating that, 'failure to successfully complete [a treatment] program is a valid reason for denying parole. . . .').

*Stodghill*, 123 A.3d at 800 n.3.

Finally, this Court must defer to the Department's interpretation of Section 9718.1 of the Sentencing Code. This Court has held: "The touchstone of interpreting statutory language is to ascertain and effectuate the intent of the legislature. Section 1921 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1921(a) . . . ." *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 196-97 (Pa. Cmwlth. 2015).

It is presumed that the legislature 'does not intend a result that is absurd, impossible of execution or unreasonable.' Section 1922(1) of the SCA, 1 Pa.C.S. § 1922(1). Thus, '[s]**tatutes should receive a sensible construction and should be construed[,] if possible[,] so that absurdity and mischief may be avoided.**' *Capital Academy Charter Sch*[.] *v. Harrisburg Sch*[.] *Dist*[.]*,* 934 A.2d 189, 193 (Pa. Cmwlth. 2007).

9

*Summit Sch., Inc.*, 108 A.3d at 197 (emphasis added). This Court has further declared:

> As suggested by Section 1921(c)(8) of the [SCA], **when a statute is ambiguous, courts generally defer to the expertise of the agency upon which the General Assembly has vested enforcement or interpretive responsibilities** and, consequently, should accept the agency's interpretation of ambiguous statutory language. *Velocity Express v. Pa. Human Relations Comm'n,* 853 A.2d 1182, 1185 (Pa. Cmwlth. 2004) (*Velocity*). When an agency's interpretation is entitled to such deference, courts will defer to such proposed interpretation **unless an agency's interpretation of a statute is erroneous or 'frustrates legislative intent.'** *Id.* (quoting *Rosen v. Bureau of Prof'l [&] Occupational Affairs,* 763 A.2d 962, 968 (Pa. Cmwlth. 2000) . . . .).

*Packer v. Bureau of Prof'l & Occupational Affairs, State Bd. of Nursing*, 99 A.3d 965, 969 (Pa. Cmwlth. 2014)[5] (emphasis added).

Here, the General Assembly required Stodghill to "*attend and participate in*" the Department-established sex offender treatment program. 42 Pa.C.S. § 9718.1(a) (emphasis added). The Department has "the *sole discretion*" to specify how many sessions Stodghill must attend and what he must do while in attendance at the sessions. 42 Pa.C.S. § 9718.1(c) (emphasis added). Because the Department-established program required Stodghill to *attend and participate in* 120 counseling and therapy sessions, this Court's order that his attendance at only 15 sessions during which he did not participate, would make a mockery of the statute and its purpose.[6] Accordingly, the Department did not err by interpreting Section

---

[5] *Packer* has been overruled on other grounds by *McGrath v. Bureau of Prof'l & Occupational Affairs, State Bd. of Nursing* (Pa. Cmwlth. No. 1001 C.D. 2015, filed August 24, 2016).

[6] Although it is not clear based solely on Stodghill's Petition what form of counseling and/or therapy Stodghill's sex offender treatment program required, sleeping or being disruptive is not the sort of participation the General Assembly intended "to protect our most vulnerable and precious

10

9718.1(b)(1)(ii) of the Sentencing Code to require Stodghill's *attendance and participation in* the Department's sex offender treatment program to be eligible for the Board's parole consideration.

Since the Department has properly interpreted Section 9718.1(b)(1)(ii) of the Sentencing Code to require Stodghill's *attendance and participation in* the Department's sex offender treatment program to be eligible for the Board's parole consideration, he has no legal rights to enforce and, thus, "the law will not permit recovery." *Pa. State Lodge, Fraternal Order of Police*, 909 A.2d at 416. Because Stodghill's Petition fails to state a claim upon which relief may be granted, the Department's demurrer is sustained.

Based upon the foregoing, although the Department's preliminary objection to Stodghill's standing is overruled, the Department's preliminary objection based on Stodghill's failure to state a viable mandamus claim against the Department is sustained. Accordingly, Stodghill's Petition is dismissed.

_____
ANNE E. COVEY, Judge

---

citizens, the Commonwealth's children, from the ravages of sexual abuse." *Stodghill*, 123 A.3d at 800-01.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Manning Stodghill       :
                Petitioner    :
                                :
           v.              :
                                :
Pennsylvania Department   :
of Corrections,             :    No. 363 M.D. 2015
              Respondent  :

## O R D E R

AND NOW, this 23rd day of November, 2016, the Pennsylvania Department of Corrections' preliminary objections to David Manning Stodghill's petition for writ of mandamus (Petition) are overruled in part and sustained in part, and the Petition is dismissed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Manning Stodghill,               :
                    Petitioner         :
                                       :
        v.                             :    No. 363 M.D. 2015
                                       :    Submitted: January 22, 2016
Pennsylvania Department of             :
Corrections,                           :
                    Respondent         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

CONCURRING OPINION
BY PRESIDENT JUDGE LEAVITT          FILED:  November 23, 2016

I agree with the majority's well-reasoned opinion. Section 9718.1(b)(1)(ii) of the Sentencing Code[1] does not require *completion* of the Department's sex offender treatment program in order to be placed on the list of inmates eligible for parole consideration by the Board of Probation and Parole.

---

[1] The Sentencing Code states, in pertinent part:

> (b) Eligibility for parole.--For an offender required to participate in the program under subsection (a), all of the following apply:
>
>> (1) The offender shall not be eligible for parole unless the offender has:
>>
>>> (i)    served the minimum term of imprisonment;
>>>
>>> (ii)   *participated in the program under subsection (a)*; and
>>>
>>> (iii)  agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders, including sexually violent predators.

42 Pa. C.S. §9718.1(b) (emphasis added).  Subsection (a) states that "[a] person … shall *attend and participate* in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution" for an enumerated offense.  42 Pa. C.S. §9718.1(a) (emphasis added).

However, an inmate must "attend and participate" in a program before the Department can certify him as parole-eligible. 42 Pa. C.S. §9718.1(a). Stodghill, who attended only a fraction of his scheduled classes and either slept or was disruptive while in attendance, did not satisfy Section 9718.1(b)(1)(ii). Thus, he cannot establish the clear right to relief necessary for a writ of mandamus.

I write separately to note that the Department's refusal to certify Stodghill as eligible for parole will trigger his right to pursue a grievance. The administrative remedies available in state correctional institutions are set forth in the Department's Grievance Policy and regulations. Specifically, Section 93.9 of the Department's regulations establishes

> an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department.

37 Pa. Code §93.9. According to the Commonwealth's Inmate Grievance System Procedures Manual and the Department's Inmate Handbook,

> the inmate grievance process begins with the filing of a grievance with the Facility Grievance Coordinator…. 'The [process] requires an inmate who has received an initial determination on his grievance to appeal to the Superintendent and, thereafter, seek final review with [the Department]. If the inmate fails to complete each of these steps, he fails to exhaust his administrative remedies.' *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

*Morgalo v. Gorniak*, 134 A.3d 1139, 1150-51 (Pa. Cmwlth. 2016). Although a final decision on a grievance is not appealable to this Court, a prisoner may bring an action in this Court's original jurisdiction if he alleges a violation of a protected

constitutional right. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998).[2]

The Parole Board decides whether to grant or deny parole to a sex offender, and his meaningful participation in a program can be a factor in this decision. With this holding, we shift the review of participation in a sex offender program from the Parole Board to the Department, which may have consequences not intended by the Department. Every grievance triggers litigation, with multiple levels of administrative review that culminates in a decision that may trigger further litigation in this Court and, ultimately, the Pennsylvania Supreme Court on direct appeal. It may prove difficult for the Parole Board to ignore a decision by a Department hearing examiner or a court that has already examined a prisoner's conduct for purposes of Section 9718.1.

_____
MARY HANNAH LEAVITT, President Judge

---

[2] The Supreme Court explained that "[u]nless 'an inmate can identify a personal or property interest ... not limited by Department [of Corrections] regulations and which has been affected by a final decision of the [D]epartment' the decision is not an adjudication subject to the court's review." *Bronson*, 721 A.2d at 359 (quoting *Lawson v. Department of Corrections*, 539 A.2d 69, 71 (Pa. Cmwlth. 1988)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Manning Stodghill,     :
         : No. 363 M.D. 2015
        Petitioner   : Submitted: January 22, 2016
         :
      v.       :
         :
Pennsylvania Department    :
of Corrections,        :
         :
      Respondent   :

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
        HONORABLE ANNE E. COVEY, Judge
        HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN        FILED: November 23, 2016


Because I believe that the majority's interpretation of section 9718.1 of the Sentencing Code, 42 Pa. C.S. §9718.1, violates the Statutory Construction Act of 1992 (Act), 1 Pa. C.S. §§1501-1991, I respectfully dissent.

Stodghill filed a petition for writ of mandamus, asking this court to direct Department to interpret 42 Pa. C.S. §9718.1(b), according to its plain meaning and consider him parole-eligible because he has participated in a sex offender treatment program. Department filed preliminary objections, seeking to dismiss the petition under Pa. R.C.P. No. 1028(a)(4) for failure to state a cause of action upon which relief can be granted.

In ruling on preliminary objections in the nature of a demurrer, this court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). The Department initially argues that Stodghill lacks standing. The majority correctly decides, based on a fair reading of the petition, that Stodghill is aggrieved by the Department's interpretation of section 9718.1(b)(1)(ii) of the Sentencing Code because it denied him placement on the parole-eligibility docket. Stodghill's petition demonstrates that he has standing based on "a substantial, direct, and immediate interest in the outcome of the litigation." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 660 (Pa. 2005).

I disagree with the majority, however, that Stodghill failed to state a claim against Department. Section 9718.1(b)(1)(ii) of the Sentencing Code provides that a sex offender is not eligible for parole unless he has "participated" in a sex offender program. Stodghill contends that he has attended and participated in 15 sessions of high-intensity sex offender programming.[1] (Stodghill Ex. C.) Despite Stodghill's participation, the Department did "not include[] [him] on the [parole] docket." (*Id.*) Unlike the majority, I believe Stodghill has pleaded facts that may entitle him to relief, i.e., placement on the parole-eligibility list.

---

[1] The majority states that pursuant to 42 Pa. C.S. §9718.1(c), the Department has the sole discretion to specify how many sessions Stodghill must attend and what he must do while in the sessions. (Maj. Op. at 10.) The majority then notes that the Department's program required Stodghill to attend and participate in 120 sessions. (*Id.*) Contrary to the majority's assertion, section 9718.1(c) of the Sentencing Code does not give the Department sole discretion to specify the number of sessions an offender must attend. Rather, it gives the Department "sole discretion" only as to the contents and administration, "including the scheduling of an offender's attendance and participation." 42 Pa. C.S. §9718.1(c).

Section 9718.1(b)(1)(ii) of the Sentencing Code states that an "offender [of an enumerated offense] shall not be eligible for parole unless the offender has . . . *participated* in the program" for sex offenders. 42 Pa. C.S. §9718.1(b)(1)(ii) (emphasis added). A sex offender is required to "*attend and participate* in a . . . program . . . for . . . sex offenders." 42 Pa. C.S. §9718.1(a) (emphasis added).

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Act, 1 Pa. C.S. §1921(b). Here, the statute is clear and free from ambiguity. The statute requires certain offenders to "attend and participate" in a Department program for sex offenders. 42 Pa. C.S. §9718.1(a). The statute then states that such offender is not eligible for parole unless he "participated" in the program. 42 Pa. C.S. §9718.1(b)(1)(ii).

Section 1921(c)(8) of the Act, 1 Pa. C.S. §1921(c)(8) states that "[w]hen the words of the statute are not explicit" the intention may be ascertained by considering "[l]egislative and administrative interpretations." However, the words of section 9718.1 of the Sentencing Code are clear and unambiguous; they require only attendance and participation in, not completion of, a sex offender program. The majority errs in ignoring the clear and unambiguous words of the statute and relying on the Department's interpretation.

I do not suggest that an inmate who participates in a sex offender program has an automatic right to parole. As the majority correctly states, the Board has the exclusive power to parole inmates. *See* 61 Pa. C.S. §6132(a)(1)(i). However,

as the majority also correctly points out, it is the Department that "initiates the parole process by identifying parole-eligible inmates for the Board's consideration." (Maj. Op. at 5-6.) *See* 61 Pa. C.S. §6137(g)(1) and (2).

In *Stodghill v. Pennsylvania Board of Probation and Parole*, 123 A.3d 798, 799 (Pa. Cmwlth. 2015) (*Stodghill I*),[2] Stodghill filed a motion for disposition, which this court treated as a petition for writ of mandamus, asking this court to order the Board to consider him for parole or order his release. Stodghill argued that he satisfied the mandatory condition for parole eligibility because he "participated" in the sex offender program. *Id.* This court agreed with the Board's argument that Stodghill's level of participation did not establish a clear right to relief as a matter of law and denied his motion for judgment on the pleadings. *Id.* at 800-01.

*Stodghill I* involved a mandamus action against the Board, which is vested with discretion to parole only those inmates identified to it by the Department as parole eligible. "[M]andamus will not lie to compel a discretionary act." *Cimaszewski v. Board of Probation and Parole*, 868 A.2d 416, 422 (Pa. 2005). In contrast, Stodghill's present petition for writ of mandamus is against the Department, which, unlike the Board, is not vested with discretion in parole matters. Rather, 61 Pa. C.S. §6137(g)(1) and (2) directs that the Department "shall identify" parole-eligible inmates for the Board's consideration. I suggest that Stodghill, who has attended and participated in a sex offender program as required by the clear and unambiguous words of section 9718.1 of the Sentencing Code, is parole-eligible.

_____

[2] Although *Stodghill I* involved a different defendant, we use the term for ease of reference.

RSF - 4 -

Accordingly, I dissent.

_____
ROCHELLE S. FRIEDMAN, Senior Judge