DISSENTING OPINION BY
SENIOR JUDGE FRIEDMAN
Because I believe that the majority’s interpretation of section 9718.1 of the Sentencing Code, 42 Pa. C.S. § 9718.1, violates the Statutory Construction Act of 1992 (Act), 1 Pa. C.S. §§ 1501-1991, I respectfully dissent.
Stodghill filed a petition for writ of mandamus, asking this court to direct Department to interpret 42 Pa. C.S. § 9718.1(b), according to its plain meaning and consider him parole-eligible because he has participated in a sex offender treatment program. Department filed preliminary objections, seeking to dismiss the petition under Pa. R.C.P. No. 1028(a)(4) for failure to state a cause of action upon which relief can be granted.
In ruling on preliminary objections in the nature of a demurrer, this court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. Barndt v. Pennsylvania *557 Department of Corrections, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). The Department initially argues that Stodghill lacks standing. The majority correctly decides, based on a. fair reading of the petition, that Stodghill is aggrieved by the Department’s interpretation of section 9718.1(b)(l)(ii) of the Sentencing Code because it denied him placement on the parole-eligibility docket. Stodghill’s petition demonstrates that he has standing based on “a substantial, direct, and immediate interest in the outcome of the litigation.” Pittsburgh Palisades Park, LLC v. Commonwealth, 585 Pa. 196, 888 A.2d 655, 660 (2005).
I disagree with the majority, however, that Stodghill failed to state a claim against Department. ■ Section 9718.1(b)(l)(ii) of the Sentencing Code provides that a sex offender is not eligible for parole unless he has “participated” in a sex offender program. Stodghill contends that he has attended and participated in 15 sessions of high-intensity sex offender , programming.[1] (Stodghill Ex. C.) Despite Stodghill’s participation, the Department did “not include[] [him] on the [parole] docket.” (Id.) Unlike the majority, I believe Stodghill has pleaded facts that may entitle him to relief, i.e., placement on the parole-eligibility list.
Section 9718.1(b)(l)(ii) of the Sentencing Code states that an “offender [of an enumerated offense] shall not be eligible for parole unless the offender has ... participated in the program” for sex offenders. 42 Pa. C.S. § 9718.1(b)(1)(h) (emphasis added). A sex offender is required to “attend and participate in a ... program ... for ... sex offenders.” 42 Pa. C.S. § 9718.1(a) (emphasis added).
“When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.” Section 1921(b) of the Act, 1 Pa. C.S. § 1921(b). Here, the statute is clear and free from ambiguity. The statute requires certain offenders to “attend and participate” in a Department program for sex offenders. 42 Pa. C.S. § 9718.1(a). The statute then states that such offender is not eligible .for parole unless he “participated” in the program. 42 Pa: C.S. § 9718.1(b)(1)(A).
Section 1921(c)(8) of the Act, 1 Pa. C.S. § 1921(c)(8) states that “[w]hen the words of the statute are not explicit” the intention may be ascertained by considering “[[legislative and administrative interpretations.” However, the words of section 9718.1 of the Sentencing Code are clear and unambiguous; they require only attendance and participation in, not completion of, a sex offender program. The majority errs in ignoring the clear and unambiguous words of the statute and relying on the Department’s interpretation.
I do not suggest that an inmate who participates in a sex offender program has an automatic right to parole. As the majority correctly states, the Board has the exclusive power to parole inmates. See 61 Pa. C.S. § 6132(a)(1)®. However, as the majority also correctly points out, it is the Department that “initiates the parole process by identifying parole-eligible inmates for the Board’s consideration.” (Maj. Op. *558 at 552.) See 61 Pa. C.S. § 6137(g)(1) and (2).
In Stodghill v. Pennsylvania Board of Probation and Parole, 123 A.3d 798, 799 (Pa. Cmwlth. 2015) (Stodghill I ),[2] Stodg-hill filed a motion for disposition, which this court treated as a petition for writ of mandamus, asking this court to order the Board to consider him for parole or order his release. Stodghill argued that he satisfied the mandatory condition for parole eligibility because he “participated” in the sex offender program. Id. This court agreed with the Board’s argument that Stodghill’s level of participation did not establish a clear right to relief as a matter of law and denied his motion for judgment on the pleadings. Id. at 800-01.
Stodghill I involved a mandamus action against the Board, which is vested with discretion to parole only those inmates identified to it by the Department as parole eligible. “Mandamus will not lie to compel a discretionary act.” Cimaszewski v. Board of Probation and Parole, 582 Pa. 27, 868 A.2d 416, 422 (2005). In contrast, Stodghill’s present petition for writ of mandamus is against the Department, which, unlike the Board, is not vested with discretion in parole matters. Rather, 61 Pa. C.S. § 6137(g)(1) and (2) directs that the Department “shall identify” parole-eligible inmates for the Board’s consideration. I suggest that Stodghill, who has attended and participated in a sex offender program as required by the clear and unambiguous words of section 9718.1 of the Sentencing Code, is parole-eligible.
Accordingly, I dissent.

. The majority states that pursuant to 42 Pa. C.S. § 9718.1(c), the Department has the sole discretion to specify how many sessions Stodghill must attend and what he must do while in the sessions. (Maj. Op. at 554.) The majority then notes that the Department's program required Stodghill to attend and participate in 120 sessions. (Id.) Contrary to the majority’s assertion, section 9718.1(c) of the Sentencing Code does not give the Department sole discretion to specify the number of sessions an offender must attend. Rather, it gives the Department "sole discretion” only as to the contents and administration, "including the scheduling of an offender’s attendance and participation.” 42 Pa. C.S. § 9718.1(c).

. Although Stodghill I involved a different defendant, we use the term for ease of reference.