Khalil Evans,                                  :
                    Petitioner                 :
                                               :
          v.                                   :
                                               :
Pennsylvania Department of                     :
Corrections,                                   :   No. 229 M.D. 2021
                    Respondent                 :   Submitted: July 1, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  October 7, 2022


Before this Court is the Pennsylvania Department of Corrections' (Department) Preliminary Objection (Preliminary Objection) to Khalil Evans' (Evans) pro se Petition for Writ of Mandamus (Petition) filed in this Court's original jurisdiction. After review, this Court sustains the Department's Preliminary Objection and dismisses the Petition.


**Background**[1]

Following a March 10, 2008 incident (March 2008 Incident), Evans was charged with multiple offenses, including Attempted Murder, Aggravated Assault, Possession of a Firearm, and Criminal Conspiracy (March 2008 Charges). *See* Petition ¶¶ 1-2. Evans was incarcerated from March 10, 2008 to August 1, 2008, when the March 2008 Charges were dismissed and Evans was released from

---

[1] The facts are as alleged in Evans' Petition.

custody. *See id*. ¶ 3. In February 2009, Evans was again charged with the March 2008 Charges arising from the March 2008 Incident at Philadelphia County Docket No. CP-51-CR-0004836-2009, but was not taken into custody.

In March 2009, Evans was arrested due to an unrelated incident (Unrelated Incident) for which he was unable to post bail, and he "became incarcerated for both incidents concurrently." Petition ¶ 5. Although the charges arising from the Unrelated Incident were dismissed, he was not released from custody, and he remained incarcerated for the March 2008 Charges. *See id*. ¶ 6. On November 19, 2009, Evans was convicted of the March 2008 Charges and, on April 1, 2010, he was sentenced to his current 15- to 30-year prison term. *See id*. ¶¶ 7-8. The time credit section of the sentencing court's order specified "zero (0) days" to be awarded. *Id*. ¶ 8.

**Facts**

Evans is an inmate at the State Correctional Institution at Albion, presently serving a 15- to 30-year term of incarceration. On July 27, 2021, Evans filed the Petition wherein he alleges:

> [Evans] is entitled to time credit from March 1, 2009 through November 18, 2009. This is because [Evans] was incarcerated for two different cases at the same time awaiting trial on each. One case had been dismissed and [Evans] remained incarcerated on the [March 2008 Charges] thereafter[,] still awaiting trial in that matter.

Petition ¶ 11. Evans requests that this Court direct the Department to issue him credit for time served between March 1, 2009 and November 18, 2009. On September 20, 2021, the Department filed the Preliminary Objection in the nature of a demurrer, averring that Evans failed to demonstrate a clear entitlement to credit for the period March 1, 2009 through November 18, 2009.

The Department states:

25. According to the public docketing information available for [the March 2008 Charges,] bail was not set after the charges were re-filed on December 17, 2008.

26. Therefore, Evans'[] assertion that he "became incarcerated for both incidents concurrently," referring to [the March 2008 Charges] . . . and the [U]nrelated [Incident] for which he was arrested in March of 2009, fails to establish that he was incarcerated for the [March 2008 Charges].

27. Further, absent a [sentencing] court order directing the application of time credit, the [Department] is not in a position [to] apply the requested credit. Evans has failed to present any documentation to substantiate his request for additional time credit. As evidence to contrary, Evans notes that the sentencing court dismissed his motion for additional time credit.

Preliminary Objection at 5. Further, the Department claims that Evans did not establish a corresponding Department duty to substantiate his request for the Court to issue a writ of mandamus.

## Discussion

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed

3

to state a claim for which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the** [**petition for review**].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). Nonetheless, "[c]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (quoting *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)).

> [T]he common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. P[a.] Dep[']t of Health, Off[.] of Drug [&] Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). 'The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief.' *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires '[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law.' *Crozer Chester Med[.] C[tr.] v. . . . Bureau of Workers' Comp[.], Health Care Serv[s.] Rev[.] Div[.]*, . . . 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

> *Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "**Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way**." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007) (emphasis added). Further, "[i]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of [its] discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Dep't of Env['t] Res.*, . . . 514 A.2d 656, 660 ([Pa. Cmwlth.] 1986) (quoting *U.S. Steel*

4

*Corp. v. Papadakos*, . . . 437 A.2d 1044, 1046 ([Pa. Cmwlth.] 1981)).

*Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 552 (Pa. Cmwlth. 2016), *aff'd*, 77 A.3d 182 (Pa. 2018).

> [M]andamus is an appropriate remedy to correct an error in [the Department's] computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and [the Department's] computation does not comply with that credit. **However**, **mandamus is not available to challenge** [**the Department's**] **failure to give credit <u>where the sentencing order is either ambiguous or does not specify the credit at issue</u>**.

*Allen*, 103 A.3d at 370 (emphasis added; citation omitted); *see also Oakman v. Dep't of Corr.*, 893 A.2d 834, 837 (Pa. Cmwlth. 2006) ("mandamus [is] unavailable where the order in question [does] not clearly provide that credit [i]s to be given").

With respect to the Department's duty to credit inmates for time served, the Pennsylvania Supreme Court has explained:

> It is beyond cavil that the Department has a duty to credit . . . all inmates, for all statutorily mandated periods of incarceration. However, this does not end the matter. The Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.

*McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005) (citation omitted). Further, this Court has expounded that "[**i**]**f a trial court does not give an inmate full credit for time served**, **the Department** . . . **has no duty to give an inmate full credit for time served**. **The inmate's remedy is in the trial court and through the direct appeal process**." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (citation omitted; emphasis added).

5

Here, Evans did not attach the sentencing order to the Petition, but alleges therein that "**[t]ime credit was suppose[d] to be awarded pursuant to the language of the sentencing order**. **However**, **the time credit section stated zero (0) days**." Petition ¶ 8 (emphasis added). This Court "must accept as true all well-pleaded material allegations in the [Petition], as well as all inferences reasonably deduced therefrom." *Torres*, 997 A.2d at 1245. Because it can be inferred from the above-quoted allegation that the sentencing order does "not clearly provide that credit [i]s to be given," *Oakman*, 893 A.2d at 837, Evans does not have a clear right to relief and the Department does not have a corresponding duty to credit Evans the requested time.[2] *Armbruster*. In the absence of a clear right to relief and corresponding duty, this Court may not grant mandamus relief. *Stodghill*.

**Conclusion**

"[A]ccept[ing] as true all well-pleaded material allegations in the [Petition], as well as all inferences reasonably deduced therefrom[,]" and resolving any doubt in favor of overruling the preliminary objection, as we must, and because it does "appear with certainty that the law will not permit recovery," *Torres*, 997 A.2d at 1245, the Department's Preliminary Objection is sustained.

For all of the above reasons, the Department's Preliminary Objection is sustained, and the Petition is dismissed.

_____
ANNE E. COVEY, Judge

---

[2] Evans' Petition does not reflect that he lacked another adequate remedy. If Evans believed the sentencing order did not properly credit him with time served, Evans' remedy was to appeal therefrom. *Armbruster*.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil Evans,                              :
               Petitioner           :
                             :
          v.                        :
                             :
Pennsylvania Department of     :
Corrections,                             :   No. 229 M.D. 2021
               Respondent        :

## O R D E R

AND NOW, this 7th day of October, 2022, the Pennsylvania Department of Corrections' preliminary objection to Khalil Evans' Petition for Writ of Mandamus (Petition) is SUSTAINED, and the Petition is DISMISSED.

_____
ANNE E. COVEY, Judge